IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-8 |
| vs. | MEMORANDUM AND ORDER |
| HENRY TREVILLION, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 53) filed by the defendant, Henry Trevillion. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily

dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

    The defendant pleaded guilty to two counts of distributing crack cocaine, one count of distributing methamphetamine, and using and carrying a firearm in relation to a drug trafficking crime. *See* filing 22. He did not have a plea agreement. Filing 22 at 6. He was sentenced to concurrent terms of 120 months' imprisonment on the drug charges, and a consecutive term of 60 months' imprisonment on the weapons charge. Filing 32. He appealed, but the U.S. Court of Appeals for the Eighth Circuit affirmed the judgment. Filing 49. This § 2255 motion followed.

    But the initial question is whether the defendant's motion was timely filed.[1] A § 2255 motion must be filed within 1 year from the latest of

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[1] The Court is permitted, but not required, to *sua sponte* consider the timeliness of a § 2255 petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court elects to do so here.

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

In this case, the Eighth Circuit affirmed the defendant's conviction on May 9, 2019. The deadline for the defendant to file a petition for writ of certiorari was August 7, 2019. S. Ct. R. 13 & 29.2. The defendant did not file a petition, and so his conviction became final on August 8, 2019. Thus, the 1-year period in this case expired on August 10, 2020, *see United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003), and the defendant didn't mail his motion until December 9, 2020, *see* filing 53 at 11.

But the defendant's motion didn't address timeliness, and before dismissing a petition the Court must afford the parties fair notice and an opportunity to be heard. *Day*, 547 U.S. at 211. Accordingly, the Court will direct the defendant to show cause why his motion should not be dismissed as untimely.

IT IS ORDERED:

1. The defendant is ordered to show cause, on or before <u>April 5, 2021</u>, why his § 2255 motion (filing 53) should not be dismissed as untimely.

2. Absent a response, the Court will enter judgment without further notice.

3. The Clerk of the Court is directed to enter a show cause deadline of April 5, 2021.

4. The Clerk of the Court shall send a copy of this memorandum and order to the defendant at his last known address.

Dated this 4th day of March, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge