IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-8 |
| vs. | MEMORANDUM AND ORDER |
| HENRY TREVILLION, | |
| Defendant. | |

The Court has received the defendant's reply (filing 58) to the Court's order to show cause (filing 57) directing the defendant to show cause why his motion to vacate under 28 U.S.C. § 2255 (filing 53) should not be dismissed as untimely pursuant to § 2255(f). The defendant concedes that his motion is untimely, but contends that he was prevented from timely filing his motion by the COVID-19 pandemic. *See* filing 58.

To the extent that provides an excuse for an untimely motion, it's an argument that the statute of limitations should be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 649-52 (2010). But equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief: a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019).

The Court is willing to accept, at least in general, that the circumstances of the COVID-19 pandemic have been extraordinary. But setting the cause aside, a prison lockdown is hardly extraordinary. *See United States v. Cooper*, 891 F. Supp. 2d 1071, 1076 (D. Neb. 2012) (citing *Warren v. Kelly,* 207

F.Supp.2d 6, 10 (E.D.N.Y.2002)). Nor is the defendant's attempt to show diligence persuasive. The defendant says he "was on the verge of filing his § 2255 petition" when he was denied access to the law library because of pandemic-related lockdown. But the defendant's motion is primarily, if not exclusively, based on things he allegedly asked his counsel to do before sentencing in June 2018. *See* filing 53; filing 56. In other words, the defendant knew no later than sentencing about everything his counsel allegedly failed to do, and still wasn't prepared to file a § 2255 motion two years later.

It is true that the diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013). But it's not reasonable to wait until the statute of limitations has almost expired, knowing a lockdown could occur, and then fail to file a motion alleging on grounds that have been known for some time. Although the defendant might have had to wait to use a typewriter, *see* filing 58 at 2, a typewritten motion isn't required. And although the defendant's legal research might not have been to his satisfaction, a § 2255 motion is expected to plead *facts* showing a right to relief, not legal conclusions. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Simply put, the defendant knew the factual basis for his § 2255 motion well before the statute of limitations elapsed and could have, if need be, simply used a pen to complete a Form AO 243. A prison lockdown *might* have prevented him from typing his motion and including citations, but he has not shown that it prevented him from timely filing his motion. Accordingly,

IT IS ORDERED:

1. The defendant's § 2255 motion (filing 53) is dismissed.

2. A separate judgment will be entered.

Dated this 8th day of April, 2021.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge